IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| ROBERT SINGLETON | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 5:16cv13 |
| NURSE MAXWELL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Robert Singleton, an inmate formerly confined in the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S. C. §636(c). The named Defendants are Nurse Maxwell, Warden Robert Page, Sheriff James Prince,and LaSalle Correctional Corp.

**I. The Plaintiff's Claims**

Plaintiff alleges around November 3 or 5, 2015, he was refused proper medical assessment and care. He tried to make arrangements to have surgery done which was needed to correct a surgery done improperly prior to his incarceration. His doctor had told him to have this second surgery as soon as possible, but Nurse Maxwell refused to get his medical records and refused to do the proper measures in his case. For relief, Plaintiff asked to be compensated for the Defendants' negligence causing his pain and suffering in the amount of $500,000.00.

**II. The Motion for Summary Judgment**

The Defendants have filed a motion for summary judgment contending Plaintiff did not file any grievances concerning the events at issue. They attach as summary judgment evidence an affidavit from Warden Page stating the jail has a two-step grievance procedure and Plaintiff did not

file any grievances concerning the issues raised in his complaint. Plaintiff did not file a response to the motion.

**III. Legal Standards and Analysis**

The law governing the exhaustion of administrative remedies is found in 42 U.S.C. § 1997e, which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under this statute, prisoners are required to exhaust available administrative remedies before filing suit in federal court. Jones v. Bock, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning the prisoner must not only pursue all available avenues of relief, but must also comply with all administrative deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). This requirement means mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, prisoners must exhaust administrative remedies properly. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

According to Warden Page, exhaustion of administrative remedies for prisoners of the Bowie County Jail is done through a two-step grievance procedure. In such procedures, both steps must be pursued in order to complete the exhaustion process. Johnson, 385 F.3d at 515.

The Fifth Circuit has held district courts have no discretion to excuse a prisoner's failure to properly exhaust the grievance procedure before the filing of the complaint. Instead, pre-filing exhaustion is mandatory and the case must be dismissed if available administrative remedies were not exhausted. Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).

The uncontroverted summary judgment evidence shows Plaintiff did not exhaust his administrative remedies because he did not file any grievances concerning the events forming the

basis of the lawsuit. Because the complaint is unexhausted, it must be dismissed with prejudice for purposes of proceeding *in forma pauperis*. Id. at 788.

**IV. Conclusion**

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

A review of the pleadings and the summary judgment evidence in this case, viewed in the light most favorable to Plaintiff, shows there are no disputed issues of material fact and the Defendant is entitled to judgment as a matter of law on the issue of exhaustion of administrative remedies. It is accordingly

**ORDERED** the Defendant's motion for summary judgment (docket no. 16) is **GRANTED**. It is further

**ORDERED** the above-styled civil action is **DISMISSED** with prejudice for purposes of proceeding *in forma pauperis* for failure to exhaust administrative remedies. Finally, it is

**ORDERED** that any and all motion which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 13th day of December, 2016.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE